OPINION *Page 2 
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, McCamon-Hunt Insurance Agency, Inc., appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Defendant-Appellee, Medical Mutual of Ohio, on McCamon-Hunt's claims for breach of contract, unjust enrichment, and conversion. Under a contract with Medical Mutual, McCamon-Hunt was to receive commissions based on the health insurance premiums paid to Medical Mutual by the Mahoning County Board of Commissioners as long as McCamon-Hunt was the Commissioners' agent-of-record. McCamon-Hunt's claims are based largely on its argument that the Commissioners' improperly decided not to retain McCamon-Hunt as its health insurance broker when it entered into a new health insurance contract with Medical Mutual. However, McCamon-Hunt has failed to demonstrate a genuine issue of material fact regarding its claims. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} On December 30, 1996, the Commissioners named McCamon-Hunt as its agent-of-record for the purpose of purchasing health insurance for its employees. As a result of McCamon-Hunt's efforts, the Commissioners entered into a health insurance contract with Medical Mutual which lasted from March 1, 1998, to February 28, 2000. Medical Mutual entered into a Single Case Agreement with McCamon-Hunt on March 1, 1998, which agreed to pay McCamon-Hunt a commission based on the premiums paid to Medical Mutual by the Commissioners. That agreement made some reference to "renewal dates of the contract," but stated that McCamon-Hunt was only entitled to the commissions as long as it was the Commissioners' "agent-of-record."
 {¶ 3} The Commissioners began seeking bids for insurance coverage from March 1, 2000, through February 28, 2002. On December 21, 1999, McCamon-Hunt picked up *Page 3 
a bid package from the Commissioners and gave it to Medical Mutual. One week later, on December 28, 1999, the Commissioners cancelled the first bidding process and sought new bids. McCamon-Hunt then supplied Medical Mutual with a new bid package. Medical Mutual submitted its bid on February 2, 2000. The bid award was not completed until after February 28, 2000, when the Commissioners' contract with Medical Mutual ended, so the two continued under the old contract on a month-to-month basis.
 {¶ 4} The Commissioners awarded the bid to Medical Mutual on April 27, 2000, after negotiating with Medical Mutual for a better rate. The new contract for insurance coverage was from June 1, 2000 to February 28, 2002. Medical Mutual ceased paying commissions to McCamon-Hunt on June 1, 2000.
 {¶ 5} In June 2000, the Mahoning County Administrator sent a letter to McCamon-Hunt, which indicated that the Commissioners had agreed to the contract, but decided not to name a broker for that contract. Shortly after that, Medical Mutual informed McCamon-Hunt that it would no longer be paying McCamon-Hunt any commissions and ceased paying those commissions.
 {¶ 6} McCamon-Hunt did not file any action challenging the Commissioners' decision to no longer retain McCamon-Hunt as health insurance broker. Instead, it filed an action against Medical Mutual sounding in breach of contract, unjust enrichment, and conversion. Medical Mutual moved to dismiss that complaint pursuant to either Civ. R. 12(B)(6) or Civ. R. 12(C). The trial court granted Medical Mutual's motion to dismiss for failure to state a claim.
 {¶ 7} McCamon-Hunt appealed that decision to this court and it was reversed because the whole contract had not been attached to the complaint, which was a problem pursuant to Civ. R. 10(D) which is not a basis for relief under Civ. R. 12(B)(6). The matter was remanded back to the trial court. Eventually, Medical Mutual moved for summary judgment, arguing that there were no issues of material fact and that McCamon-Hunt was not entitled to relief under any of its claims. The trial court granted that motion after McCamon-Hunt responded.
 {¶ 8} McCamon-Hunt's sole assignment of error on appeal argues:
 {¶ 9} "The trial court erred in granting summary judgment in favor of the *Page 4 
Defendant-Appellant and by failing to grant summary judgment in favor of the Plaintiff-Appellee."
 Standard of Review {¶ 10} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ. R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-0186, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v.Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304,733 N.E.2d 1186.
 {¶ 11} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in their favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386,701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."Dresher v. Burt, 75 Ohio St.3d 280, 296, 1996-Ohio-0107, 662 N.E.2d 264. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ. R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Dresher at 293.
 Breach of Contract {¶ 12} As we stated in our prior opinion in this case, McCamon-Hunt's claims are all predicated on its "belief that Medical Mutual breached its contract with McCamon-Hunt. The parties do not argue over the existence of the contract, whether McCamon-Hunt performed the contract, or whether it suffered damages if Medical Mutual breached the contract. The only dispute is whether Medical Mutual breached the contract." *Page 5 
 McCamon-Hunt Ins. Agency, Inc. v. Medical Mut. of Ohio, 7th Dist. No. 02 CA 23, 2003-Ohio-1221 at ¶ 9.
 {¶ 13} Medical Mutual argues that McCamon-Hunt is no longer entitled to commissions because McCamon-Hunt is no longer agent of record for the Commissioners. Medical Mutual supports this claim by pointing to a June 19, 2000, letter from the Mahoning County Administrator to McCamon-Hunt, which provides as follows:
 {¶ 14} "This letter is being written to advise you of the County's award for hospitalization from June 1, 2000 through March 2, 2002.
 {¶ 15} "Because of the significant increase in the cost of the insurance, the Board awarded the bid and did not name any brokers.
 {¶ 16} "We appreciate your prior service with the County and thank you for your continued interest in the future."
 {¶ 17} This was followed by an August 8, 2000, letter to McCamon-Hunt from Medical Mutual confirming that Medical Mutual would no longer be paying commissions to McCamon-Hunt pursuant to the Commissioners' request.
 {¶ 18} McCamon-Hunt argues that the Commissioners' actions did not properly terminate its agency relationship with the County and, therefore, McCamon-Hunt should still be recognized as agent of record under the contract. Medical Mutual both disputes this claim and argues that McCamon-Hunt should have challenged the Commissioners' conduct in a timely manner through an action for declaratory or injunctive relief against the Commissioners, rather than trying to challenge that conduct in this lawsuit.
 {¶ 19} We have some sympathy with Medical Mutual's argument that McCamon-Hunt should be raising this argument in a lawsuit involving the Commissioners, but do not need to address that issue in this opinion since McCamon-Hunt has failed to demonstrate that the Commissioners acted improperly.
 {¶ 20} McCamon-Hunt's argument in this regard is premised on its allegation that the Commissioners did not properly terminate their relationship with McCamon-Hunt. The letter from the County Administrator to McCamon-Hunt demonstrates that the Commissioners did, in fact, terminate that relationship. However, McCamon-Hunt has produced no evidence showing the manner in which the Commissioners arrived at their *Page 6 
decision. It claims that there are no records demonstrating the Commissioners' reasoning, but has failed to back up this assertion by citing to any evidence, such as affidavits or depositions regarding their attempts to search the Commissioners' minutes.
 {¶ 21} As stated above, the non-moving party has the reciprocal burden of specificity and must introduce evidence in order to meet this burden.Dresher at 293. Since McCamon-Hunt has not introduced any such evidence, we cannot address the merits of this argument.
 {¶ 22} The evidence in the record shows that McCamon-Hunt was only contractually entitled to commissions from Medical Mutual as long as it was the Agent of Record for the Commissioners and that the Commissioners decided not to retain McCamon-Hunt as its Agent of Record. McCamon-Hunt admits that Medical Mutual paid it commissions up until the time that the Commissioners made this decision. Thus, McCamon-Hunt has failed to demonstrate that Medical Mutual breached its contract with McCamon-Hunt.
 Miscellaneous Arguments {¶ 23} McCamon-Hunt makes other arguments in its brief. For instance, McCamon-Hunt argues that the Commissioners improperly entered into the 2000 contract with Medical Mutual because it did not make that contract subject to the competitive bidding process and is, therefore, void. McCamon-Hunt bases this argument on a 1969 opinion from the Ohio Attorney General which interpreted a former version of R.C. 307.86. That former version of that statute governed competitive bidding and made no exception for group health insurance contracts.
 {¶ 24} However, R.C. 307.86 has been amended since 1969. It now makes an exception to the competitive bidding requirement for the purchase "of any form of an insurance policy or contract authorized to be issued under Title XXXIX of the Revised Code or any form of health care plan authorized to be issued under Chapter 1751. of the Revised Code, or any combination of such policies, contracts, or plans that the contracting authority is authorized to purchase" as long as certain conditions are met. R.C. 307.86(F).
 {¶ 25} The group health insurance at issue in this case was a type of health care *Page 7 
plan authorized to be issued under R.C. Chapter 1751 and there is no evidence that the plan failed to meet the statutory conditions. Thus, there was no requirement that the Commissioners engage in a competitive bidding process in order to award the health insurance contract to Medical Mutual.
 {¶ 26} McCamon-Hunt also argues that there is a genuine issue regarding whether it is entitled to recover under a theory of unjust enrichment. A person is unjustly enriched if he profits or enriches himself inequitably at another's expense and such a person will be required to make restitution to the party suffering the loss. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 738.
 {¶ 27} A plaintiff must prove the following three things in order to recover under a theory of unjust enrichment: 1) the plaintiff conferred a benefit upon the defendant, 2) the defendant had knowledge of the benefit, and 3) circumstances render it unjust or inequitable to permit the defendant to retain the benefit without compensating the plaintiff.Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183. The benefit conferred by the plaintiff must be in response to a fraud, misrepresentation, or bad faith on behalf of the defendant. Natl. CityBank v. Fleming (1981), 2 Ohio App.3d 50, 58. As this court has recently stated, this requirement ensures a tie of causation between the plaintiff's loss and the defendant's benefit. HLC Trucking v.Harris, 7th Dist. No. 01 BA 37, 2003-Ohio-0694, at ¶ 26.
 {¶ 28} In this case, McCamon-Hunt is claiming that Medical Mutual was unjustly enriched because McCamon-Hunt had prepared Medical Mutual's original bid in 2000, Medical Mutual was eventually awarded the contract, and McCamon-Hunt is not being compensated for its efforts. However, McCamon-Hunt has not pointed to any fraud, misrepresentation, or bad faith by Medical Mutual which prompted McCamon-Hunt to confer a benefit upon Medical Mutual.
 {¶ 29} Furthermore, the record does not support such a conclusion. After McCamon-Hunt submitted a bid on Medical Mutual's behalf in 2000, the Commissioners decided to have the contract re-bid and negotiated a different agreement with Medical Mutual than that originally submitted by McCamon-Hunt on Medical Mutual's behalf. Nowhere in this fact pattern is there any wrongdoing by Medical Mutual which would *Page 8 
support a finding of unjust enrichment. Thus, McCamon-Hunt's argument that the trial court erred when granting summary judgment on this claim is meritless.
 {¶ 30} Finally, McCamon-Hunt argues that Medical Mutual is liable for conversion because it has not paid McCamon-Hunt the commissions it earned pursuant to the contract between McCamon-Hunt and Medical Mutual. However, this argument is nothing more than treating a breach of contract claim as if it were a conversion claim.
 {¶ 31} Conversion is the "wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." Joyce v. GeneralMotors Corp. (1990), 49 Ohio St.3d 93, 96. In this case, the only reason why McCamon-Hunt is alleging that Medical Mutual is exercising dominion over McCamon-Hunt's property is that Medical Mutual is not paying McCamon-Hunt the commissions which McCamon-Hunt believes Medical Mutual is contractually obligated to pay McCamon-Hunt. Thus, McCamon-Hunt's conversion claim is really a breach of contract claim. For the reasons given above, the trial court properly granted summary judgment to Medical Mutual on McCamon-Hunt's breach of contract claim.
 Conclusion {¶ 32} McCamon-Hunt alleges that Medical Mutual has breached its agreement to pay McCamon-Hunt commissions from Medical Mutual's health insurance contract with the Commissioners. That contract stated that McCamon-Hunt would receive commissions as long as it was the Commissioners' agent-of-record. The Commissioners decided that McCamon-Hunt would no longer be its agent and McCamon-Hunt has failed to introduce any evidence which would demonstrate that the Commissioners acted improperly when making this decision. Therefore, McCamon-Hunt was no longer the Commissioners' agent-of-record and was no longer entitled to commissions from Medical Mutual. Furthermore, there is no evidence that Medical Mutual acted in a way which would justify a claim for unjust enrichment.
 {¶ 33} Given these conclusions, the facts in the record, considered in the light most favorable to McCamon-Hunt, show that McCamon-Hunt is not entitled to the relief it seeks. Accordingly, McCamon-Hunt's sole assignment of error is meritless and the *Page 9 
judgment of the trial court granting summary judgment to Medical Mutual is affirmed. Donofrio, J., concurs in judgment and the reasoning stated in both the majority and concurring opinion.
Vukovich, J., concurring in judgment only with concurring opinion.