[Cite as *Total Office Solutions, Inc. v. Grimstad*, 2019-Ohio-2638.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

TOTAL OFFICE SOLUTIONS, INC.,

Plaintiff-Appellee/ Cross- Appellant

v.

BOBBIE J. GRIMSTAD, TRUSTEE ET AL.,

Defendants and Cross-Claimants-Appellants/ Cross Appellees,

v.

BUDGER TOOL & DIE INC. ET AL.,

Defendants and Counter Claimants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0014**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2017 CV 14

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Rick Brunner,* and *Atty. Patrick Quinn,* Brunner Quin, 35 North Fourth Street, Suite 200, Columbus, Ohio 43215, for Plaintiff-Appellee/Cross Appellant and

*Atty. Michael McGee,* Harrington, Hoppe & Mitchell, Ltd., 108 West Avenue, S.W., Suite 500, Warren, Ohio 44481, for Defendants and Cross-Claimants-Appellants/Cross-Appellees.

Dated:  June 27, 2019

**D'APOLITO, J.**

**{¶1}**  Appellant/Cross-Appellee Michael Grimstad, Trustee, Bobbie Jean Grimstad Trust, substituted on January 5, 2018 for Bobbie Jean Grimstad, Trustee UAD 10/8/2010 (collectively "Trustee"), appeals the judgment entry of the Columbiana Court of Common Pleas dismissing Trustee's cross-claim for indemnification against Budger Tool & Die, LLC ("Budger") and its President Ralph K. McClure ("McClure") based on the jurisdictional priority rule.  Appellee/Cross-Appellant Total Office Solutions Inc. ("Total Office") appeals the entry of summary judgment in favor of Trustee on Total Office's unjust enrichment claim.  Because we find that Trustee was not unjustly enriched, and, as a consequence, Trustee's assignment of error regarding indemnification is moot, we affirm the judgment of the trial court, albeit on other grounds.

**FACTS AND PROCEDURAL HISTORY**

**{¶2}**  On April 17, 2015, McClure, personally and on behalf of Budger, entered into a land installment contract with Trustee for the property located at 12750 Salem-Warren Road in Salem, Ohio ("Rag Tool Building").  Budger made only one payment under the land installment contract.  Section 10 of the land installment contract reads, in pertinent part, "In the event of forfeiture, [Trustee] shall retain all payments made under the agreement and possess all improvements placed on the Premises as restitution."

**{¶3}**  Invoices from Total Office, dated August 6, 2015 and signed by McClure, list office furniture and other materials with a value of $26,244.66 sold by Total Office to "Budger Machine" for delivery to the Rag Tool Building.  The furniture and other materials include storage cabinets, file cabinets, laminate desks, office chairs, guest chairs, paint, outlet plates, ceiling tiles, base cove, chair rail and air diffusers.  All of the furniture was free-standing.

{¶4}   According to Michael Stanley, President and Shareholder of Total Office, a representative of Budger signed a proposal with a purchase order number, however the proposal was not produced in discovery.  Stanley further averred that McClure agreed that Total Office would retain ownership of the office furniture until the invoices were paid in full.   In the event that Budger could not fully compensate Total Office, McClure agreed that Total Office would be permitted to retrieve the office furniture from the Rag Tool Building.

{¶5}   Budger abandoned the Rag Tool Building in 2016.  Trustee subsequently took possession of the premises including the office furniture.  It is undisputed that McClure agreed to permit Total Office to retrieve the office furniture, and that Trustee did not allow Total Office to collect the furniture from the Rag Tool Building.

{¶6}   Total Office contends that Trustee used the office furniture as a pawn in her effort to collect the balance due on the land installment contract from Budger and McClure, despite the fact that she was aware that the office furniture was Total Office's property.  Total Office relied on an electronic mail chain between the parties and their counsel from August 18, 2016 to September 12, 2016 to establish that Budger and McClure's attorney, Len Stauffenger, attempted to arrange a meeting with the parties at the Rag Tool Building to allow Total Office to retrieve the office furniture.

{¶7}   On September 12, 2016, Trustee filed a complaint against Budger and McClure in the Mahoning County Court of Common Pleas, Case No. 2016 CV 02447, for breach of the land installment contract, forfeiture, fraud, and to quiet title.  Total Office was not a party in the Mahoning County action.

{¶8}   On December 14, 2016, counsel for Total Office sent correspondence to Trustee asserting that Total Office owned the office furniture and requesting an opportunity to retrieve it from the Rag Tool Building.  The following day, Trustee responded that she would not permit Total Office to retrieve the office furniture unless Total Office provided a U.C.C. filing or a court order authorizing seizure of the office furniture.

{¶9}   On January 10, 2017, four months after the Mahoning County action was initiated, Total Office filed the complaint in this case against Trustee, Budger and McClure, alleging unjust enrichment, fraud, and joint and several liability.  On February

Case No. 18 CO 0014

24, 2017, Trustee filed cross-claims against Budger and McClure alleging breach of contract and fraud, and for indemnification.  Budger and McClure filed an answer to the cross-claims on March 9, 2017.  On August 15, 2017, Budger and McClure filed an "amended answer and counterclaim," which was actually an amended answer to Trustee's cross-claims, and cross-claims against Trustee.  Budger and McClure asserted cross-claims for conversion, indemnification, and replevin pursuant to R.C. 2737.01.

{¶10}  On November 30, 2017, Trustee filed a motion for summary judgment on the fraud, unjust enrichment, and joint and several liability claims asserted by Total Office. With respect to the unjust enrichment claim, Trustee argued that Total Office had not produced any evidence to establish its ownership of the office furniture. Trustee further argued that it was not unjustly enriched because section 10 of the land installment contract "provided for self-help remedial action taken by Trustee to partially recover unpaid balance of the purchase price [sic]."  (11/30/17 Trustee MSJ, p. 6).

{¶11}  Total Office filed a cross-motion for summary judgment on its claims against Trustee, as well as a motion for summary judgment against Budger and McClure on December 26, 2017.  Budger and McClure filed two motions for summary judgment on December 29, 2017.  In the first motion for summary judgment, Budger and McClure argued that Trustee's cross-claims for breach of contract, fraud, and indemnification should be dismissed pursuant to the jurisdictional priority rule.  In the second summary judgment motion, McClure argued that he was not personally liable for any of the claims asserted by Total Office against Budger.

{¶12}  On January 25, 2018, Trustee filed her motion for leave to file her response in opposition to Budger and McClure's motion for summary judgment.  Trustee conceded that Mahoning County had jurisdiction over her cross-claims for breach of contract and fraud, but argued that her cross-claim for indemnification was properly before the Columbiana County trial court.

{¶13}  In a judgment entry dated May 2, 2018, the Columbiana County trial court entered summary judgment in favor of Total Office and against Budger and McClure jointly and severally in the amount of $35,428.78, plus interest at the statutory rate from January 10, 2017.   The $35,428.78 amount was taken from Stanley's deposition

testimony. Stanley corrected his deposition testimony by way of his December 20, 2017 affidavit, in which he attested that the actual amount owed is $26,244.68.

{¶14} The trial court entered summary judgment in favor of Trustee on Total Office's fraud and unjust enrichment claims. With respect to the unjust enrichment claim, the trial court found that Total Office did not confer a benefit on Trustee, and that Trustee's contractual claim was superior to Total Office's equitable claim. The trial court further opined that the damages suffered by Total Office were due exclusively to the actions of Budger and McClure. Finally, the trial court summarily concluded Trustee's indemnification claim against Budger and McClure was barred by the jurisdictional priority rule.

{¶15} Neither Trustee nor Budger and McClure moved for summary judgment on Budger and McClure's cross-claims against Trustee for conversion, replevin, and indemnification. Based on the record, Budger and McClure did not voluntarily dismiss their claims, which remain pending before the trial court. The judgment entry on appeal concludes:

> It is the belief and intent of this Court that this Decision and Judgment Entry constitutes a final judgment on all claims of all parties for the purposes of Civ.R. 54(A). Even if less than all claims of all parties are adjudicated hereby, this Court finds there is no just reason for delay pursuant to Civ.R. 54(B).

(5/2/2017 J.E., p. 14).

{¶16} A bench trial was held in the Mahoning County action on March 26, 2018. On May 17, 2018, two weeks after the issuance of the judgment entry at issue in this appeal, judgment was entered in the Mahoning County action in favor of Trustee and against Budger and McClure in the amount of $165,545.14, plus interest at the statutory rate from September 12, 2016. (2016 CV 02447 - 5/17/18 J.E.) The final entry on the docket in the Mahoning County action is a judgment entry to appraise and provide credit toward the judgment for "equipment seized by [Trustee] in execution of judgment," (2016

CV 02447 - 6/22/18 J.E.), which appears to include the office furniture at issue in this appeal.

**STANDARD OF REVIEW**

**{¶17}** This appeal is from a trial court judgment resolving a motion for summary judgment. An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 8th Dist.1995). Whether a fact is "material" depends on the substantive law of the claim being litigated.

**{¶18}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 11.

**{¶19}** The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that

have been filed in the case.  In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party.  *Temple*, 50 Ohio St.2d at 327.

## ANALYSIS

**{¶20}**  The assignments of error will be addressed out of order for the purpose of clarity.

### APPELLEE/CROSS-APPELLANT'S ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLANT BOBBIE JEAN GRIMSTAD, TRUSTEE UAD 10/8/2010 AND DISMISSED TOTAL OFFICE SOLUTIONS INC.'S CLAIMS AGAINST IT.**

**{¶21}**  In Ohio, an unjust enrichment claim is quasi-contractual in nature.  It is an obligation which arises by law to address an instance where a party is the recipient of benefits which that party is not equitably entitled to retain.  *Hummel v. Hummel*, 133 Ohio St. 520, 527, 14 N.E.2d 923 (1938).  Unjust enrichment arises where no express contract exists, and any agreements are those implied by the actions of the parties.  *Weiper v. W.A. Hill & Assoc.*, 104 Ohio App.3d 250, 262, 661 N.E.2d 796 (1st Dist. 1995).

**{¶22}**  The only remedy available to a party in raising an unjust enrichment claim is restitution of the reasonable value of the benefit unjustly conferred.  *St. Vincent Med. Ctr. v. Sader*, 100 Ohio App.3d 379, 384, 654 N.E.2d 144 (6th Dist. 1995).  The purpose of an unjust enrichment claim "is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 21 (2005), citing *Hughes v. Oberholtzer* 162 Ohio St. 330, 335, 123 N.E.2d 393 (1954).

**{¶23}**  The elements of an unjust enrichment claim are: (1) a benefit conferred by plaintiff upon defendant; (2) knowledge by defendant of the benefit; and (3) retention of the benefit by defendant in circumstances where retention without payment to plaintiff is unjust. *L & H Leasing Co. v. Dutton*, 82 Ohio App.3d 528, 534, 612 N.E.2d 787 (3rd Dist. 1992). Further, the benefit conferred by the plaintiff must be in response to a fraud,

misrepresentation, or bad faith on behalf of the defendant. *McCamon-Hunt Ins. Agency, Inc. v. Med. Mut. of Ohio*, 7th Dist. Mahoning No. 07 MA 94, 2008-Ohio-5142, ¶ 27, citing *Natl. City Bank v. Fleming*, 2 Ohio App.3d 50, 58, 440 N.E.2d 590 (8th Dist. 1981). This requirement ensures the existence of causation between the plaintiff's loss and the defendant's benefit. *Id.*, citing *HLC Trucking v. Harris*, 7th Dist. Belmont No. 01 BA 37, 2003-Ohio-0694, at ¶ 26.

{¶24} The trial court found that Total Office did not confer nor intend to confer a benefit on Trustee, but, instead, on Budger and McClure. The trial court opined:

> Any benefit to [Trustee] came indirectly and resulted only from the separate and independent contractual right of [Trustee] to regain and take control of the Premises.
>
> There is no evidence demonstrating a causal connection between the actions of [Trustee] in retaking possession of the Premises and the failure of [Budger and McClure] to pay Total Office. Their failure to pay is not somehow contingent upon the return of the office furniture and equipment to Total Office.
>
> Finally, this Court is unable to find that the claimed equity of Total Office is superior to that of [Trustee]. A plaintiff must show that, under the circumstances, he or she has superior equity so that it would be unconscionable for the defendant to retain the benefits. As aforesaid, the predicament of Total Office is self-inflicted when compared to [Trustee]. Total Office failed to preserve or protect any future interest it might have in the office furniture or equipment once it was delivered to [Budger]. The equitable claim of Total Office to possession of the office furniture and equipment is outweighed by the legal and contractual right of [Trustee] to retake possession of the Premises and improvements upon default by [Budger and McClure]. Any enrichment to [Trustee] is therefore not unjust.

(5/2/2018 J.E. p. 8-9.)

**{¶25}** Total Office argues that retention of the office furniture by Trustee without payment to Total Office was unjust. However, the involvement of Budger and McClure changes the analysis with respect to Total Office's equitable claim. Total Office received a judgment against Budger and McClure in the amount of $35,428.78. Trustee received a judgment in the amount of $165,545.14, plus interest at the statutory rate from September 12, 2016, against Budger and McClure, that will be reduced by the value of the office furniture. We held in *Filo v. Liberato*, 7th Dist. Mahoning No. 11 MA 18, 2013-Ohio-1014, 987 N.E.2d 707, that the existence of a separate judgment does not alter a subcontractor's ability to make an unjust enrichment claim, so long as he remains unpaid for any portion of the work performed and the owner retains the benefit of that work. *Id.* at ¶ 37. Because both parties were made whole, we find that Trustee was not unjustly enriched by her retention of the office furniture, and, as a consequence, Total Office's cross-assignment of error has no merit.

## APPELLANT/CROSS-APPELLEE'S ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT DISMISSES APPELLANT/CROSS-APPELLEE GRIMSTAD'S INDEMNIFICATION CROSS-CLAIM AGAINST CO-DEFENDANTS BUDGER AND MCCLURE.**

**{¶26}** Because we find that Trustee was not unjustly enriched by Total Office, we further find that Trustee's assignment of error based on his indemnification claim against Budger and Grimstad is moot.

## CONCLUSION

**{¶27}** In summary, we find that Total Office's cross-assignment of error is meritless, as Trustee was not unjustly enriched by Total Office. We further find that Trustee's assignment of error based on his indemnification claim is moot. Accordingly, the judgment of the trial court is affirmed albeit on other grounds.

Donofrio, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**